UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

PATSY ADAMS,

      **Plaintiff,**

v.

UNITED STATES  DEPARTMENT OF
JUSTICE,  BUREAU OF PRISONS,

**Defendant.**

CIVIL ACTION NO.: 1:21-cv-00304

JUDGE:

## COMPLAINT FOR DAMAGES

Now comes the plaintiff, Patsy Adams (hereinafter, Plaintiff) by and through her counsel Joshua R. Martin and The Martin Law Firm and bring this complaint for damages sustained due to negligence of the United States' Federal Bureau of Prisons (hereinafter, "Defendant") and for any and all other causes of actions shown:

Parties

1.  Plaintiff, Patsy Adams, was at all relevant times an inmate at the Alderson Federal Prison Camp located in Alderson, West Virginia.  At all relevant times Plaintiff was in the care, custody, and control of Defendant.  Plaintiff now resides at 730 Allen Road, Lot #161, Manhattan, KS 66502.

2.  Defendant, United States Department of Justice, Federal Bureau of Prisons, is a Federal entity that owns, maintains, and operates a federal prison camp in Alderson, West Virginia, that

houses female inmates.   According to their website as many as 1200 inmates are housed at

Defendant's Alderson, West Virginia, prison camp.

## JURISDICTION AND VENUE

3.      This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671 and 28

U.S.C. 1346(b)(1) for negligence.

4.      The claims herein are brought against the Defendant pursuant to the Federal Tort Claims

Act (28 U.S.C. 2671, Et. Seq.) and 28 U.S.C. 1346(b)(1), for money damages as compensation

for personal injuries caused by Defendant's negligence.

5.  Plaintiff has fully complied with the provisions of 28 U.S.C. 2675 of the Federal Tort Claims

Act. See Attached Exhibit A, Standard Form 95.

6.      On April 14, 2018, the Plaintiff submitted an Administrative Claim for the claim set forth

below to the Federal Bureau of Prisons.

7.      Six months have past and all conditions precedent to a Federal Tort Claims Act have been

met.

## FACTS

8.  Plaintiff,  arrived at Alderson Federal Prison Camp on or about Wednesday, April, 11, 2018.

9.  On the Saturday,  April 14, 2018,  Plaintiff was walking from her housing unit, Unit A-1 to

the CDR for brunch.

10.   Plaintiff was walking on the sidewalk near the commissary, and she was using ordinary care

when she tripped and fell on the broken sidewalk causing her to break her ankle.

11.   Upon information, Plaintiff and all inmates are forced to walk on the sidewalks at all times or face being written up by Alderson Prison Camp personnel for being "out of bounds".

12.   In spite of forcing inmates to walk on the sidewalks at all times management at Alderson Federal Prison Camp failed to take reasonable precautions to fix the known unsafe condition on its facility.

13.   Alderson Federal Prison Camp is required to keep its facility in safe and reasonable condition at all times, and acknowledges its duty to keep its facility in said condition in its handbook.  See attached Exhibit B.

14. Plaintiff asserts that Alderson Federal Prison Camp has a history of not taking reasonable precautions to fix its dilapidated sidewalks, and that a similar broken sidewalk caused serious personal injury to at least one other inmate.

15. Plaintiff returned to her unit after she fell, and did not immediately report her injury or fall, but after a couple days she could not deal with the pain any longer and a guard was notified. The guard took her to medical and an x-ray was performed.

16.  Plaintiff asserts that the x-ray showed that her ankle was broken, and that she needed an orthopedic consult.  However, administration did not have Plaintiff seen by an orthopedic doctor for approximately a month after her x-ray and by that time the bone had already begun to heal.

17.  As a direct and proximate result Defendant's negligence Plaintiff continues to suffer from ankle pain and discomfort

18.  As a direct and proximate result of Defendant's negligence Plaintiff has incurred medical expenses and costs and will need long term pain management.

18.  Plaintiff asserts that she has exhauster her administrative remedies (BP 9,10, and 11) as required by law, and that this matter is ripe for consideration.

<u>Count I (Negligence)</u>

19.     Plaintiff realleges and incorporates herein all the allegations contained in the previous paragraphs.

20.     Defendant is a federal facility that acknowledged its affirmative duty to keep its facility in a safe condition.  As such, Defendant has the duty to inspect its premises for dangers, and to repair such dangerous conditions when they arise.

21.     Defendant knew or should have known that the sidewalk near the commissary was defective and should have reasonably foreseen that someone would trip and fall on the broken sidewalk.

22.     Defendant failed to repair the broken sidewalk in order to prevent inmates from tripping on it and injuring themselves.

23.     Plaintiff was unable to avoid the dangerous condition as she would have been disciplined by the prison for walking off the sidewalk. Further, Plaintiff used reasonable care while walking that morning.

24.     Plaintiff's substantial past and future injuries and damages are the direct and proximate result of Defendant's failure to keep its sidewalk near the commissary in a safe condition.

PRAYER

WHEREFORE Plaintiff demands judgment against the Defendant in the amount that will fully and fairly compensate the her for all her injuries and damages proximately caused by the negligence of the Defendant, including but not limited to: (1) special damages for the Defendant's negligence; (2) general damages for the Defendant's negligence; (3) prejudgment and postjudgment interest; (4) costs and expenses of this action, including attorney's fees; (5) all other damages set forth in this Complaint; (6) all other damages proximately caused by the negligence of the Defendant; (7) all other damages otherwise available to Plaintiff under West Virginia law, and (8) such other and further relief as deemed just and proper by the Court.

PLAINTIFF DEMAND A BENCH TRIAL AS ALLOWED BY THE FEDERAL TORT CLAIMS ACT

PATSY ADAMS,
By Counsel,

*/s/Joshua R. Martin*
Joshua R. Martin (WVSB#10914)
The Martin Law Firm.
1901 19th Street, Suite C
Nitro, West Virginia 25143
Telephone: 681-217-2121
Facsimile: 304-693-2663

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Federal Bureau of Prisons Mid Atlantic Regional Office 302 Sentinel Drive Annapolis Junct. MD 20701 | Patsy Adams, 730 allen Rd., Lot 161, Manhattan, KS 66502. Joshua Martin, 1901. 19th Street, Suite C, Nitro, WV 25143 — Attorney |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY   ☐ CIVILIAN | 6/27/1970 | Married | 4-14-18 | 11:30 |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Ms. adams was walking on a sidewalk at Alderson Federal prison Campowhen near CDR and commisary she tripped and fell on a broken sidewalk. Upon information, the sidewalk had been ⓓ damaged for a substantial period of time. As a result of the fall Ms. Adam sustained injuries to her leg.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT. Claimant sustained a distral Fibular Avulsion fracture to her left Leg, which has now become arthritic. Upon information and belief, Mrs. Adams has not sent to Physical therapy as recommended and her condition has become chronic. Mrs. Adams Continues to receive Physical therapy now that she's been released, and referred to pain management that starts May 13, 2020

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Glenda Kaye George Mojisola Popoola | Alderson Federal Prison Camp, Alderson WV ＊ Statement Attached to CD. |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| ⦰ | $200,000.00 | ⦰ | $200,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Joshua Martin, Esq. | 681-217-2121 | 4/10/20 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☑ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No | 17. If deductible, state amount.

N/A | N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

## PROLOGUE

The Inmate Handbook will serve as a resource in providing you with information pertaining to the Federal Bureau of Prisons along with the rules and regulations in place at the Federal Prison Camp Alderson. Good communication between inmates and staff is imperative in developing and maintaining a positive atmosphere within a correctional setting. This handbook provides you with fundamental information designed to facilitate your successful transition at the institution and apprise you of the many opportunities that are available. Although this handbook contains a wealth of generalized information, it is not intended to replace Institution Supplements or Bureau of Prisons' Program Statements. Institution Supplements and Bureau of Prisons' Program Statements specifically address the governing regulations in place at the institution and are available in the Law Library for independent review.

Designation to a Federal Prison Camp is determined by your custody classification and security level, thus implying that you possess the ability to function in a less restrictive environment. Staff members have an obligation to ensure the safe and orderly operation of the institution. If an inmate demonstrates behaviors which imply a higher level of supervision is required, arrangements will be made to accommodate these needs.

The Federal Prison Camp Alderson relies on the efforts of both staff and inmates in achieving a successful correctional environment. As staff members, our primary responsibility is to ensure that the mandate of the sentencing court is carried out. We are also responsible for providing a safe and humane environment built on the premise of mutual respect and concern for human dignity. It has always been the mission of FPC Alderson to provide opportunities through work, education, recreation, and other self-improvement programs to help you prepare for a successful return to the community. It is your responsibility to contribute to a positive atmosphere and to abide by the rules and regulations of the institution. You are encouraged to use your time at FPC Alderson as an opportunity to prepare for a better tomorrow.

S. Butler
Warden

1