UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

PATSY ADAMS,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:21-00304

UNITED STATES OF AMERICA,

    Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

By Judgment Order entered on March 31, 2023, the court
granted defendant's motion to dismiss for lack of subject matter
jurisdiction or, in the alternative, motion for summary
judgment.  <u>See</u> ECF No. 45.  In so doing, the court found that it
does not have subject matter jurisdiction over plaintiff's claim
as it falls within the discretionary function exception to the
Federal Tort Claims Act (FTCA).  The reasons for that decision
follow.

## I.    Factual Background

On April 14, 2018, Patsy Adams was an inmate at Federal
Prison Camp (FPC) Alderson in Alderson, West Virginia.  <u>See</u> ECF
No. 1 at ¶¶ 1 and 9.  The Federal Bureau of Prisons (BOP)
oversees and operates FPC Alderson.  <u>See</u> <u>id.</u> at ¶ 2.  On April
14, 2018, as Adams was walking from her housing unit to the
Central Dining Room at Alderson for brunch, she tripped on the

sidewalk.  See id. at ¶¶ 9 and 10.  Adams did not fall, although
her ankle was injured.  See Deposition of Patsy Adams at 69-73
(ECF No. 45-2).  She was seen by the Health Services Unit that
day.  See ECF No. 45-1 at 8.  An x-ray several days later,
revealed a fracture to Adams's ankle.  See id. at 12-13.

Plaintiff filed her Complaint with this court on May 17,
2021.  ECF No. 1.  According to plaintiff, defendant's
negligence in failing to repair and maintain the broken sidewalk
directly and proximately resulted in her physical injuries.  See
ECF No. 1 at ¶¶ 21-24.  Plaintiff seeks damages in an
unspecified amount as well as attorney's fees.  See id. at
Prayer for Relief.

In its motion to dismiss, the United States contends that
the discretionary function exception to the FTCA bars
plaintiff's claim.  Therefore, the United States asks the court
to dismiss this case for lack of subject matter jurisdiction.

## II.  Standard of Review

A motion to dismiss pursuant to Rule 12(b)(1) asks whether
a court has the ability to hear and adjudicate the claims
brought before it.  Federal courts are courts of limited
jurisdiction and can act only in those specific instances
authorized by Congress. See Bowman v. White, 388 F.2d 756, 760
(4th Cir. 1968).

2

The plaintiff bears the burden of proving the existence of subject matter jurisdiction.  See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  Further, a party who brings an action against the United States pursuant to the FTCA "bears the burden of pointing to . . . an unequivocal waiver of immunity." Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (quoting Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983)).

The court notes that its analysis of defendant's motion is not limited to the evidence presented by the parties in their pleadings.  When considering a motion to dismiss under Rule 12(b)(1), "the court may consider the evidence beyond the scope of the pleadings to resolve factual disputes concerning jurisdiction."  Williams, 50 F.3d at 304 (citing 2A James W. Moore, Moore's Federal Practice ¶ 12.07 at 12-49-12-50 (2d ed. 1994)); see also Evans, 166 F.3d at 647 ("When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'") (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

### III.  Applicable Law

Fundamentally, federal courts do not have jurisdiction over actions against the United States unless Congress has expressly waived the United States' sovereign immunity.  See United States v. Sherwood, 312 U.S. 584, 586 (1941); Dalehite v. United States, 346 U.S. 15, 30 (1953) ("[N]o action lies against the United States unless the legislature has authorized it.").  The FTCA, however, provides a limited waiver of the United States' sovereign immunity in actions arising from personal injuries caused by government employees acting within the scope of their employment.  See 28 U.S.C. § 1346(b), § 2674.  Under these circumstances, "the Government will accept liability in the same manner and to the same extent as a private individual would have under like circumstances."  Strand v. United States, 233 F. Supp.3d 446, 455 (D. Md. 2017) (citing Wood v. United States, 845 F.3d 123, 132 (4th Cir. 2017)).  Nevertheless, numerous exceptions prohibit complainants from recovery under the FTCA, most prominently the "discretionary function" exception.  See id.

The "discretionary function" exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals."

Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536 (1988) (internal quotations and citations omitted).  The exception "assure[s] protection for the Government against tort liability for errors in administration or in the exercise of discretionary functions."  Dalehite, 346 U.S. at 26—27 (citation omitted).

Under the discretionary function exception, the waiver of sovereign immunity does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).  The Supreme Court has established a two-step analysis to ascertain whether the "discretionary function" exception is appropriate in a given case.  See United States v. Gaubert, 499 U.S. 315, 322 (1991).

> To determine whether the discretionary function exception applies in a particular case, we engage in a two-step analysis.  First, we consider whether the conduct at issue "involves an element of judgment or choice."  Rich v. United States, 811 F.3d 140, 144 (4th Cir. 2015).  Conduct involves an element of judgment or choice unless a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow."  Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536, 108 S. Ct. 1954, 100 L. Ed.2d 531 (1988).  A document that sets forth recommended actions or improvements

does not demonstrate the absence of discretion. Indem. Ins. Co. of N. Am. v. United States, 569 F.3d 175, 180-81 (4th Cir. 2009). Nor does a regulation that, although requiring adherence to a general standard, fails to dictate a course of action for achieving that standard. See Rich, 811 F.3d at 145 (explaining that nothing in the relevant regulation "requires that any specific action be taken by the various prison officials"). Rather, the source of the directive must either expressly prescribe or proscribe "a particular course of action" in order to eliminate an agency's discretion for the purposes of the discretionary function exception. Pornomo v. United States, 814 F.3d 681, 691 (4th Cir. 2016); see also Berkovitz, 486 U.S. at 536, 108 S. Ct. 1954 (noting that a government official lacks judgment or choice when "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow").

Second, we consider whether the conduct at issue "involve[d] the permissible exercise of policy judgment." Berkovitz, 486 U.S. at 537, 108 S. Ct. 1954. This inquiry focuses "not on the agent's subjective intent . . . but on the nature of the actions taken and on whether they are susceptible to policy analysis." United States v. Gaubert, 499 U.S. 315, 325, 111 S. Ct. 1267, 113 L. Ed.2d 335 (1991). "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." Id. at 324, 111 S. Ct. 1267. If the challenged actions or omissions satisfy those two steps, the government's conduct is considered "discretionary within the meaning of the exception," and courts lack jurisdiction "whether or not the discretion involved be abused." Pornomo, 814 F.3d at 687 (quoting 28 U.S.C. § 2680(a)).

Bulger v. Hurwitz, 62 F.4th 127, 142-43 (4th Cir. 2023).

For the second prong of the analysis, a court focuses on "the nature of the actions taken and on whether they are susceptible to policy analysis," rather than "the agent's subjective intent in exercising the discretion[.]" United States v. Gaubert, 499 U.S. at 324-25; Wood, 845 F.3d at 128 ("This second step . . . prohibit[s] courts from second guessing decisions grounded in social, economic, and political policy through the medium of an action in tort.") (internal quotations and citations omitted).  "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." Gaubert, 499 U.S. at 324. Said another way, "[d]etermining whether the discretionary function exception applies is not a fact-intensive exercise, as the court will only look to the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one which we would expect inherently to be grounded in considerations of policy." Chang-Williams v. Dep't of the Navy, 766 F. Supp.2d 604, 617 (D. Md. 2011) (citations omitted).

"Plaintiffs bear the burden of proving that the discretionary function exemption does not apply." Indemnity Ins. Co. of North America v. United States, 569 F.3d 175, 180

(4th Cir. 2009).  "If the plaintiff fails to meet this burden, then the claim must be dismissed."  Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005).  Additionally, the FTCA is strictly construed with ambiguities resolved in favor of the United States.  See United States v. Nordic Village, Inc., 503 U.S. 30-34 (1992); see also Bulger, 62 F.4th at 142 ("[W]aivers of sovereign immunity must be strictly construed.").

## IV.  Discussion

### A.

The court must first determine whether "a federal statute, regulation, or policy specifically prescribe[d] a course of action for" FPC Alderson, "its employee[s]," or agents "to follow."  Berkovitz, 486 U.S. at 536.  In another case, decided earlier this year, involving an inmate's slip and fall on a sidewalk at a federal BOP facility in Connecticut, the court took an in-depth look at the Bureau of Prisons' judgment or choice in maintenance of its facilities.  See Gagne v. United States, No. 3:21-cv-1601-VLB, 2023 WL 143163, at *2-4 (D. Conn. Jan. 10, 2023).  In so doing, the Gagne court surveyed the various federal statutes and regulations at play and concluded

> The Court finds that the federal statutory and regulatory scheme detailed above confers discretion to an agency on maintenance of sidewalks within their care and control.  Section 589(a) of Title 40 of

8

the United States Code and section 102-74.580 of Title 41 of the Code of Federal Regulations use the term "may," which confers discretion on the part of the actor. In addition, the regulations delegate to the agency the decision on when to install, repair, or replace a sidewalk.  41 C.F.R. § 102-74.580.  In making this decision, federal regulations require consideration of several factors, but ultimately leave the decision on how to balance those factors to the discretion of the agency.  41 C.F.R. § 102-74.10.  The agency regulations do not abdicate discretion, it describes the process by which to exercise discretion. Balancing these considerations involves the exercise of discretion.  For example, in Reichart v. United States, 408 Fed. Appx. 441 (2d Cir. 2011), the Second Circuit reviewed the dismissal of a slip and fall on federal property case.  The Second Circuit affirmed the finding that the discretionary function exception applied where the decision not to repair the defect was made in consideration of several factors, including the risk of injury, cost of repair, and allocation of resources.  Id. at 443.  The Second Circuit concluded that the decision with respect to the maintenance of the property "was an exercise of its discretion and susceptible to policy analysis."  Id.  Here, similar to Reichart, the federal statutory and regulatory scheme requires consideration of several factors and the exercise of discretion on sidewalk maintenance.

     The Plaintiff responds by pointing to the BOP Facilities Operations Manual section on "Annual Buildings and Grounds Condition Assessment."  The Plaintiff claims that under the BOP Manual, "all areas of the institution must have a documented visual inspection annually. . . ."  (Opp. 6.).  The Plaintiff argues that this manual removes discretion to inspect from BOP staff, and

> thus her claim that the BOP failed to
> inspect the sidewalk does not fall under the
> discretionary function exception.  The
> Plaintiff argues that the federal statutory
> and regulatory scheme addressed above fails
> to include terms such as "maintain" and
> "inspect," and thus the BOP manual dictates
> whether the failure to inspect is
> ministerial or discretionary.
>
> The Plaintiff's reliance on the BOP
> Facilities Manual is misplaced.  The manual
> only prescribes mandatory yearly
> inspections, it does not provide a mandatory
> action in response to the inspection.  The
> Plaintiff points to nothing in the manual
> that directly addresses maintenance of any
> grounds condition.  Thus, the manual does
> not conflict with the federal statutory and
> regulatory scheme addressed above, which the
> Plaintiff concedes clearly leaves to the
> discretion of the federal agencies whether
> to install, repair, or replace a sidewalk. .
> . .
>
> * * *
>
> Therefore, the BOP's decision about
> whether and when to repair a sidewalk
> "involves an element of judgment or choice,"
> which satisfies the first part of the
> discretionary function exception test.

Id. at *3-4.

In support of its argument that the BOP's maintenance of

its facilities involves discretion, the United States submitted

the Declaration of Lisa Vandall, the Environmental and Safety

Compliance Administrator at FPC Alderson.  See ECF No. 45-3.

According to Vandall, pursuant to the BOP's Facilities

Operations Manual, "[t]he Facilities Management Branch of the

10

Administration Division, under the general direction of the
Assistant Director for Administration, is responsible for
coordination, oversight, and policy development for facilities
management activities at all Bureau-controlled facilities,
including FPC Alderson.  Id. at ¶ 4.  An institution's "Facility
Manager is responsible for managing all construction, repairs,
improvements, and maintenance of the institution."  Id. at ¶ 5.
All areas of the institution have a yearly visual inspection,
"including buildings and structures, roads and grounds, and
mechanical/electrical systems to check for needed repairs and
maintenance."  Id. at ¶ 8.  Requests for work are reviewed and
approved by the Facility Manager and are assigned a priority
rating.  See id. at ¶¶ 9 and 10.  "Once work orders are received
and prioritized, the Facility Manager is responsible for
planning, program scheduling, and reporting of construction and
maintenance activities."  Id. at ¶ 11.  A Work Programming
Committee ("WPC") "is responsible for setting priorities for
construction, repair, and maintenance activities" and meets on a
monthly basis.  Id. at ¶ 12.  As the foregoing demonstrates,
there is no mandatory directive related to sidewalk repair
and/or maintenance at BOP facilities.

Nor does plaintiff point to any such directive.  Rather,
plaintiff's entire argument that the discretionary function

11

exception does not apply is rooted in her reliance on a similar case decided in this district in which the court held that the exception did not apply.  See Grant v. United States Department of Justice, Bureau of Prisons, CIVIL ACTION NO. 5:17-cv-04053, 2018 WL 3190759 (S.D.W. Va. June 28, 2018) (Berger, J.).  That case also involved an inmate who tripped on a sidewalk at FPC Alderson.  See id. at *1.  Although ultimately determining that the discretionary function exception did not deprive the court of jurisdiction, the Grant court did conclude that the BOP's "choice not to repair a broken sidewalk at a prison camp . . . involves an element of choice[.]"  Id. at 4.  According to the court,

> Here, no policy or statute directly relates to the BOP's maintenance of prison facilities.  A handbook sets forth a general obligation to provide a safe, humane, and orderly facility.  A program statement requires annual inspections of the premises, but does not specify maintenance requirements.  In short, there is neither a mandatory duty requiring employees to maintain sidewalks nor a specific grant of discretion related to facility maintenance.  There is an element of choice involved in deciding whether to repair a broken sidewalk.

Id.

Accordingly, FPC Alderson's decisions concerning the maintenance and repair of its sidewalks has an element of official judgment and choice.  Since "no such mandatory statute, regulation or policy applies to remove the challenged conduct

12

from the choice and judgment of the government,[1] then [this court must] move to the second tier of the Berkovitz-Gaubert analysis." Baum v. United States, 986 F.2d 716, 720 (4th Cir. 1993).

**B.**

Under the second prong, the court must determine whether the BOP's choice is premised "on considerations of public policy." Baum, 986 F.2d at 720 (citations and internal quotation marks omitted). Imporantly, when the conduct at issue "allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." Gaubert, 499 U.S. at 324. The court "presume[s] that the [BOP's] acts are grounded in policy when exercising that discretion . . . [because] [t]he focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." Gaubert, 499 U.S. at 324—25 (footnote omitted). In light of Gaubert, the court does not

---

[1] Nor does 18 U.S.C. § 4042, requiring the BOP to "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States," satisfy the first prong because "the broad directives in that statute afford the BOP discretion regarding the implementation of those mandates." Bulger, 62 F.4th at 143.

endeavor to decipher the actor's "subjective intent," and instead focuses "on the nature of the actions taken and on whether they are susceptible to policy analysis."  Id. at 324—25 (footnote omitted and emphasis added).

In the Gagne case, the court concluded that "the [BOP's] decision on whether to repair or replace a sidewalk is a policy judgment the discretionary function exception is designed to shield."  Gagne, 2023 WL 143163, at *5.  As that court saw it, "[b]alancing considerations of economy, efficiency, and safety, fall squarely within the kind of choices the discretionary function exception was designed to shield."  Id.  The Vandall Declaration confirms that the policy considerations cited by the court in Gagne do come into play when the BOP makes decisions regarding sidewalk repair and maintenance.  As she noted, consideration is given to "existing work load, availability of funds and employees for supervising work, available inmate hours, weather conditions, equipment required, material procurement, and spacing of work to provide a reasonably constant and continuing cycle of employment."  ECF No. 45-3 at ¶ 13.  The guidelines the BOP uses obviously leave room for judgment and choice.

Like the court in Gagne, the court concludes that the BOP's decision about where, when, and how to maintain a sidewalk

14

necessarily requires the agency to balance economic concerns
with safety concerns.  The BOP must weigh the best allocation of
its resources with the need to protect the safety of not only
the inmates, but also others who come on BOP property.  The
court's decision herein is in line with decisions of the United
States Court of Appeals for the Fourth Circuit, holding that the
government's decisions regarding facility maintenance fall
within the discretionary function exception.  See Wood, 845 F.3d
at 131-32 (holding that the Navy's maintenance decisions
regarding facilities used by civilian law enforcement fell
within the exception); Baum, 986 F.2d at 724 (holding that the
Park Service's maintenance decisions regarding the guardrail
system on the Baltimore-Washington Parkway fell within the
exception).[2]

In a case from the Southern District of New York, the court
discussed the "difficult line-drawing problem implicit in the
[discretionary function exception], namely, that nearly all

---

[2] The court also notes that, in Grant, the court framed the choice
as "whether to repair a broken sidewalk."  Grant, 2018 WL
3190759, at *4.  Indeed, the United States conceded that the
sidewalk was in need of repair.  See ECF No. 70 at 2 n.1 in
CIVIL ACTION NO. 5:17-cv-04053 ("Once prison staff became aware
of the plaintiff's fall, the sidewalk was barricaded until
repairs could be made later in the year during warmer
weather.").  In this case, the government has not made the same
concession, i.e., that the sidewalk is in need of repair.  In
fact, the condition of the sidewalk is in the same condition as
it was when plaintiff tripped.  See ECF 45-4 at 14.

public acts involve some measure of discretion and some level of
policy concern, even if that concern is primarily protecting the
public fisc." Mejia v. United States, No. 13-cv-5676 (AJN),
2015 WL 5138708, at *7 (S.D.N.Y. Sept. 1, 2015).  In that case,
a slip-and-fall in which plaintiff alleged the United States
Coast Guard was negligent in failing to repair a defect in a
sidewalk, the court found that Mejia "ha[d] failed to overcome
the strong presumption that the Coast Guard's maintenance
decision (or nondecision) was rooted in policy concerns." Id.
at *8.  Mejia had argued that the repair to the sidewalk in
question "could not implicate policy concerns because it would
not be expensive." Id.  Given Coast Guard policy "requiring
consideration of, inter alia, cost reasonability" in making the
decision whether to make sidewalk repairs, the court disagreed.
Id. at *9.  As the court put it, the "[discretionary function
exception] is not about fairness, it is about power" and "was
intended to prevent judicial second-guessing of government
decisions through the medium of tort litigation." Id.

Since the BOP's choice is founded upon considerations of
public policy, Baum, 986 F.2d at 720; Gaubert, 499 U.S. at 324—
25, the second prong is satisfied.

Consequently, plaintiff's claims are barred under the
FTCA's discretionary function exception.

16

## V.  Conclusion

For the reasons stated, the court **GRANTED** the defendant's Motion to Dismiss.  The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 7th day of April, 2023.

ENTER:

David A. Faber
Senior United States District Judge